## PAGE v. DICKINSON et al.

## In re E. W. GATES & SON CO.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2671.

**1. Judgment ⊜⇒828(3)—State court judgment for defendant in bankruptcy trustees' action to recover debt held res judicata as respects trustees' claim against defendant.**

Judgment for defendant rendered in bankruptcy trustees' action in state court, commenced with permission of bankruptcy court, to recover indebtedness due bankrupt from defendant therein, and from which no appeal was taken, *held* res judicata and binding on same litigants in bankruptcy proceedings so far as right of trustees to recover from defendant in that action was concerned.

**2. Judgment ⊜⇒828(3)—State judgment for defendant in bankruptcy trustees' action held not res judicata as respects defendant's claim for excess of bankrupt's debt to defendant.**

Where, in bankruptcy trustees' action in state court to recover indebtedness owing to bankrupt, defendant set up claim against bankrupt for a larger amount on bankrupt's alleged agreement to purchase stock from defendant, and trial court permitted jury to consider whether bankrupt had agreed to purchase the stock and the price to be paid, but instructed that there could be no recovery of any amount by defendant against trustees, judgment on the verdict for defendant "on the issue joined" *held* not res judicata in bankruptcy proceeding as respects defendant's claim for excess of amount claimed by him over amount claimed by trustees, since merits thereof were not passed on by state court.

In the matter of E. W. Gates & Son Company, bankrupt. From an order of the District Court denying the petition of W. A. Page to have reviewed an order of the referee in bankruptcy disallowing his claim against the bankrupt, said petitioner, opposed by A. B. Dickinson and others, trustees in bankruptcy, appeals. Reversed and remanded.

Charles W. Crowder, of Richmond, Va., for appellant.

R. L. Montague and A. B. Dickinson, both of Richmond, Va., for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

WADDILL, Circuit Judge. This is an appeal from an order of the United States District Court for the Eastern District of Virginia, denying the petition of appellant to have reviewed an order of the referee in bankruptcy disallowing his claim against E. W. Gates & Son Company, a corporation, bankrupt. The facts are:

E. W. Gates & Son Company, a corporation, was adjudicated a bankrupt on July 26, 1924, upon its voluntary petition filed on that day, and A. B. Dickinson, B. Frank Dew, and J. P. Abernathy, appellees in this court, were elected trustees on August 15, 1924, and duly qualified as such. Among the accounts receivable found upon the books of the bankrupt concern by the trustees was a debt due the bankrupt's estate by W. A. Page, appellant, amounting to $3,365.65 for merchandise sold and delivered prior to bankruptcy. When called upon by the trustees to settle this indebtedness, appellant refused to pay the account, stating that the bankrupt's estate was indebted to him for a much larger sum. After obtaining permission of the District Court to sue appellant, the trustees instituted action by notice of motion for judgment in the law and equity court of the city of Richmond against him to recover the amount shown by the bankrupt's books to be due.

To this notice of motion for judgment, Page filed an affidavit denying the debt, gave his grounds of defense, and tendered the pleas of nil debit, set-off, payment, release, and estoppel. The trustees in bankruptcy, appellees here, filed demurrers to Page's pleas of payment and estoppel, which demurrers were overruled by the court. A motion made by the appellees to require appellant to elect under which plea he would defend the action was overruled also. Appellees then replied generally to the appellant's pleas of payment, release, estoppel, and set-off, and, upon the issues thus joined, the case was tried before a jury. At the trial, the court permitted the jury to consider whether the bankrupt corporation had agreed to purchase the stock of appellant, as well as at what price it had agreed to purchase such stock. Appellant requested the court to instruct the jury that, if it should return a verdict in his favor, and if it should find for him in a sum in excess of what the trustees were suing for, they should return a verdict for such excess, but the court declined to so instruct the jury. The court, at the instance

of the plaintiff, gave the following instruction, being instruction F:

"In this case the jury can return a verdict upon the evidence, either for the plaintiffs for such an amount of the debt due by the defendant as is established by the evidence, or a verdict for the defendant. There can be no recovery of any amount by the defendant against the plaintiff trustees in bankruptcy."

To these rulings, the appellant excepted. Verdict was rendered on December 4, 1924, adversely to the plaintiffs, in the following words: "We, the jury, on the issue joined, find for the defendant."

The appellee trustees moved the law and equity court to set aside the verdict, which motion was overruled by the court. On March 23, 1924, the court entered its judgment on the verdict in favor of, and with costs to, appellant, Page, defendant in that action. Neither side appealed from said judgment.

On December 14, 1924, after the trial of the case in the law and equity court had ended, Page offered for proof and allowance in the bankruptcy proceedings of E. W. Gates & Son Company, his claim against the bankrupt's estate in the sum of $7,719.24, which amount he claimed represented the difference between what the trustees had sued him for and the amount he claimed he had established in the suit referred to as being due him by the bankrupt's estate. Page's claim was based upon the difference between $3,466.76, the principal amount the trustees had sued him for, with certain interest added, and $11,-186, the amount claimed by him, which E. W. Gates & Son Company had agreed, before the intervening of bankruptcy, to pay him for his stock in the bankrupt corporation.

The trustees in bankruptcy opposed the allowance of the claim made by Page, alleging that no contract had been made by the bankrupt concern for the purchase of Page's stock, that the bankrupt's estate was in no way indebted to him upon account of the sale and purchase of his stock, that, even if such contract had been made, it was purely executory, and that whatever damages Page had sustained because of the breach of such agreement by the bankrupt concern should be established in such manner as the law provides. The trustees also filed a plea of res adjudicata, along with which they tendered the record of the trial in the law and equity court, contending that Page was not entitled to recover anything against the bankrupt's estate, as the state court had in effect held that the transaction with regard to the sale of the stock was an invalid one.

Page filed an answer to these objections, requesting that it be also treated as a plea of res adjudicata, setting out in substance that all of the material issues concerning the sale and purchase of his stock had been considered and disposed of by the court and jury favorably to him in the suit in the state court referred to, that such issues were res adjudicata, and that nothing remained to be done, or could be done, in the bankruptcy proceedings, save to accept his debt as in effect established by the state court's decision, and to permit him to participate as a general creditor in the distribution of the bankrupt's estate for that amount, that is, the difference between the two claims.

While the matter was pending before the referee, it was stipulated between counsel that the record of the proceedings in the law and equity court should be used and considered in connection with the controversy over Page's claim. That claim, with the objections thereto, and the trustees' plea of res adjudicata, was submitted to the referee, on said record, and the evidence it contained, and on December 1, 1926, the referee entered an order disallowing Page's claim, on the ground that the matter had been adjudicated in the law and equity court, which court had decided that claimant was not entitled to recover against the bankrupt estate.

A petition was filed by Page on December 3, 1926, to have reviewed by the District Court the order of the referee disallowing his claim. Said petition was denied by the District Court in its order of August 10, 1927, and the findings of the referee were approved and confirmed in the same order. From this order of the District Court Page has appealed.

[1] Upon the statement of the case thus given, and in the light of the rulings of the law and equity court of the city of Richmond, considered under the pleadings and instructions and judgment of that court, the correctness of which it is not our province to pass upon, we think it fairly inferable, and that it may be stated as affecting the issues arising upon the present appeal:

First. That the decision of the state court is res adjudicata so far as the rights of the plaintiffs in that court, appellees here, to recover in the suit instituted by them against the appellant, defendant in that suit, are concerned. The subject-matter was indisputably within the jurisdiction of that court, and the jury's verdict and the court's judgment, from which no appeal was taken, are

final and binding between the parties litigant.

[2] Secondly. As respects the right of the appellant, Page, defendant in the action in the state court, to a judgment for the specific amount claimed by him arising upon his plea of res adjudicata, a different condition exists. Assuming the state court was right in its view on the question of jurisdiction on its part to pass upon and determine the right of the appellant to recover in the state court for the balance of his alleged claim, it becomes immaterial here, conceding our right to review the action of that court, inasmuch as the court did not pass upon that question, but, on the contrary, at the instance of appellees, plaintiffs in the state court, by instruction F, expressly declined to do so. The appellant insists that the effect of what was done in the state court was not merely to decline to consider the said claim, but that upon the facts its action inured and operated to the benefit of appellant, Page, to the extent of recognizing his right of recovery for the amount of the difference between the two claims—that is to say, that, on account of appellant's claim for the sale of 100 shares of stock in the bankrupt company at $111.86 per share, to wit, $11,186, a credit should be given for the amount of the indebtedness alleged to be due the bankrupt company by appellant, to wit, $3,466.76, the difference being $7,719.24—and said appellant, Page, accordingly filed his proof of claim for that amount with interest, and insisted that the matter was res adjudicata in his behalf, and that the appellee trustees were estopped from further contesting the same. The court and jury in the law and equity court, it is true, decided adversely to the plaintiff trustees' claim sued for therein of $3,466.76, and to that extent it may be admitted that any amount due appellant, Page, on account of the alleged stock transaction, should be reduced by the amount for which the trustees, appellees here, were denied recovery in the state court. But under no reasonable view can it be said that this denial of the right of recovery should operate in effect to award a judgment in favor of the appellant, Page, for the amount of the difference between the two conflicting claims.

The District Court and the referee in bankruptcy both denied appellant Page's contention, and rejected his claim entirely, holding in effect that whatever occurred in the law and equity court, upon consideration of the pleadings and proofs, was a finality, and hence resulted in the denial of the right of appellant to recover against the bankrupt's estate for any amount. After much thought and deliberation, we have reached the conclusion that, whatever may have been the correctness of the view of the state court, arising upon the pleadings, especially the pleas of res adjudicata filed by both parties litigant, the state court and jury were so limited, in the light of instructions asked by the trustees in bankruptcy and given as aforesaid, that the merits of the right of appellant, Page, to a recovery for the alleged balance due him were not in fact passed upon. From our view of the case, the decision of the District Court should be reversed and the case remanded, to the end that the appellant may be afforded opportunity to present and to make such prosecution of any claim which he has to an indebtedness against the bankrupt's estate arising out of the alleged sale of stock in the bankrupt company herein referred to, and to the end that he be accorded and afforded such rights in the bankruptcy proceedings as he may be lawfully entitled to.

Reversed and remanded.